**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DESMOND CHARLES PARKER (#569648)**

**VERSUS**

**OMAR WALKER, ET AL.**

**CIVIL ACTION**

**NO. 23-663-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 23, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DESMOND CHARLES PARKER (#569648)**

**VERSUS**

**OMAR WALKER, ET AL.**

CIVIL ACTION

NO. 23-663-JWD-RLB

## REPORT AND RECOMMENDATION

Before the Court is defendant Omar Walker's Motion to Dismiss Pursuant to FRCP 12(b)(5). *See* R. Doc. 23. The Motion is opposed. *See* R. Doc. 31.

On August 1, 2023, the plaintiff filed a Complaint (R. Doc. 1) pursuant to 42 U.S.C. § 1983. Plaintiff alleged, among other things[1], that on August 2, 2022, excessive force was used against him by defendants Omar Walker and Darrell Cain following a strip search. Defendant Walker now seeks dismissal of the plaintiff's claims against him due to improper service.

### Rule 12(b)(5)

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). The Fifth Circuit has also said that the party making service bears the burden of showing "good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990). The district court has "broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

---

[1] Plaintiff's other claims were severed into separate suits. *See* R. Doc. 3.

**Lack of Valid Service**

On March 1, 2024, the Court ordered for the United States Marshall to serve the defendants, Omar Walker and Darrell Cain, wherever found. *See* R. Doc. 5. Summons were issued on the same date. *See* R. Doc. 6.

On May 30, 2024, the Process Receipt and Return was docketed. *See* R. Doc. 11. Thereon it was reflected that defendant Darrell Cain was served on March 19, 2024, and the following was noted as to defendant Omar Walker, "Omar Walker works at Office of Juvenile Justice. LA DOC didn't accept service for him." The attached Proof of Service (R. Doc. 11, p.3) reads as follows with regards to defendant Omar Walker, "I returned the summons unexecuted because Omar Walker now works for the Office of Juvenile Justice, 7919 Independence Blvd., Baton Rouge, LA per LA DOC." It is dated May 28, 2024.

Curiously, on June 28, 2024, a second Proof of Service was docketed indicating that defendant Omar Walker <u>was</u> served on June 7, 2024, through "Rhonda (legal)" at 504 Mayflower, Baton Rouge, LA. *See* R. Doc. 14. The documents provided by defendant Walker, however, show that service has <u>not</u> been executed upon him. The Affidavit of Rhonda Weldon (R. Doc. 23-2), who is employed as paralegal by the Louisiana Department of Public Safety and Corrections provides the following:  Rhonda Weldon is the authorized agent to accept service on behalf of DPS&C employees. On April 8, 2024, she rejected service on behalf of Omar Walker because he was no longer employed by DPS&C and had begun working for the Office of Juvenile Justice. On June 10, 2024, Rhonda Weldon again rejected service on behalf of Omar Walker because he was no longer employed by DPS&C.

Further, the Summons retained by the Louisiana Department of Public Safety and Corrections (R. Doc. 23-3) reflects that service was again accepted for Darrell Cain on June 10,

2024. Darrell Cain's name has a check mark drawn over it while Omar Walker's name has been crossed out with a notation of "NLE." A note at the bottom of the document reads, "Did not accept: Omar Walker – No longer emp. by DOC." As such, it is clear that service was not accepted on behalf of Omar Walker and there was some error on the part of the United States Marshall.

## Dismissal Not Appropriate at this Time

Plaintiff has not met his burden of demonstrating the validity of this purported service. Plaintiff instead asks that service be accepted on behalf of Omar Walker by his counsel or that Walker be served at the Office of Juvenile Justice.

Nevertheless, dismissal is not appropriate at this time. Where an applicable prescriptive period likely bars future litigation, as it would here, a dismissal of claims under Rule 12(b)(5) requires consideration of the heightened standard used to review a dismissal with prejudice. Put differently, if a dismissal *without* prejudice would effectively operate as a dismissal *with* prejudice because a plaintiff's claims have prescribed, dismissal for failure to timely serve a complaint is "warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013) (*quoting Millan v. USAA General Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008)). To warrant dismissal, a court must find a delay "longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Id.* (*quoting Millan*, 546 F.3d at 326–27). A court must also consider (1) whether the delay was caused by the plaintiff herself and not by her counsel, (2) any prejudice to the defendant, and (3) whether the delay was caused by intentional conduct. *See Millan*, 546 F.3d at 326.

Applying those standards to the facts of this case, the Court does not find that dismissal is appropriate at this time. The plaintiff was first made aware of the possible issue with service on Omar Walker on June 28, 2024, when defendant Walker filed a Motion for Extension of Time to Investigate Service Issue (R. Doc. 15). Defendant Walker then filed the instant Motion to Dismiss on July 29, 2024, which has remained pending before this Court since that time. As such, there has been no delay caused by the plaintiff or significant periods of inactivity on the part of the plaintiff. Therefore, the Court will not recommend dismissal of the plaintiff's claims for failure to effect service on defendant Walker at this time.

However, the plaintiff should now be aware that service on defendant Omar Walker has not been made. Plaintiff should also now know that defendant Walker is employed at the Office of Juvenile Justice and can possibly be served at the agency's address of 7919 Independence Blvd., Baton Rouge, LA 70806. Should the plaintiff fail to effect service upon defendant Walker with this information, within a specified time, then dismissal would appropriate.

## Recommendation

It is recommended that the Motion to Dismiss (R. Doc. 23) be granted in part, and the service on defendant Omar Walker be quashed, but that in all other regards, the Motion be denied. It is further recommended that: (1) the Clerk of Court be ordered to issue a Summons to Omar Walker at the above address, (2) the United States Marshal be appointed to serve defendant Walker wherever found upon receipt of a completed USM-285 form, (3) the plaintiff be given 45 days to effect service upon defendant Walker, and (4) this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on October 23, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**